IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JENNIFER NUNEZ
and others similarly situated,

    Plaintiffs,

v.     Civil Action No.: 1:25-cv-00710
       **COLLECTIVE ACTION**

RYAN SANDERS SPORTS SERVICES, LLC,
d/b/a RS3 STRATEGIC HOSPITALITY and
REESE RYAN,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER NUNEZ (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, sues Defendants, RYAN SANDERS SPORTS SERVICES, LLC, d/b/a RS3 STRATEGIC HOSPITALITY and REESE RYAN (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### SUMMARY

1.    Defendants operate a business which provides catering and foodservices primarily to sports venues such as Dell Diamond in Round Rock, Texas. Defendants have a practice and policy of retaining portions of tips intended for Defendants' servers in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff, and others similarly situated, against their employers for unpaid tips and liquidated damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant RYAN SANDERS SPORTS SERVICES, LLC, d/b/a RS3 STRATEGIC HOSPITALITY maintains its corporate offices in Williamson County, Texas.

## THE PARTIES

5. Plaintiff, JENNIFER NUNEZ, is an individual residing in Williamson County, Texas and has worked as a server for Defendants since February 2022.

6. Defendant, RYAN SANDERS SPORTS SERVICES, LLC, d/b/a RS3 STRATEGIC HOSPITALITY (hereinafter "RS3"), is a limited liability company formed and existing under the laws of the State of Texas and operates as a cater and foodservice provider.

7. Defendant, REESE RYAN, is an individual residing in Travis County, Texas, and at all times material to this matter was a managing member of the defendant

limited liability company.

8. Defendant, REESE RYAN, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of the RS3 in relationship to Plaintiff, and others similarly situated. By virtue of these activities, Defendant is a joint employer as defined by 29 U.S.C. § 203(d).

9. Defendant, REESE RYAN, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendant, REESE RYAN, is a statutory employer under the FLSA.

10. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

11. Throughout Plaintiff's employment, the RS3 employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. Throughout Plaintiff's employment, the RS3 was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. Throughout Plaintiff's employment, Defendants were the employer of the Plaintiff and others similarly situated and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

14. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. Plaintiff and others similarly situated re-allege and incorporate herein the allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff and others similarly situated occupied the position of server, concession stand workers, and bartenders.

17. The RS3 required its servers, bartenders, and concession workers to participate in a tip pooling/sharing arrangement.

18. Throughout Plaintiff's employment, Defendants have unlawfully retained a portion of the tip pool and denied those tips to the servers, bartenders, and concession stand workers in violation of 29 U.S.C. §203(m)(2)(B).

19. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by retaining the tips earned by Plaintiff and others similarly situated.

20. Pending any modifications necessitated by discovery, Plaintiff preliminarily define this Class as follows:

> ALL CURRENT OR FORMER SERVERS, CONCESSION STAND WORKERS, AND BARTENDERS DURING THE PAST THREE YEARS.

21. This action is properly brought as a collective action for the following

reasons:

    a.    The Class is so numerous that joinder of all Class Members is impracticable.

    b.    Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

    c.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d.    Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

    e.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

    f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

22.    Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

23.    In addition to the named Plaintiff, numerous employees and former

employees of Defendants are similarly situated to Plaintiff in that they have been denied tips while employed by Defendants.

24. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

25. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

26. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of retained tips and unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

27. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of unlawfully retained tips which were not paid that should have been paid.

28. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, JENNIFER NUNEZ, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

a. Determining that the action is properly maintained as a class and/or collective

   action, appointing Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b.  Ordering prompt notice of this litigation to all potential Class Members;

c.  Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d.  Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e.  Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f.  Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.  Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff and others similarly situated, demand a jury trial on all issues so triable.

Respectfully submitted this May 12, 2025.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621